```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TONY HOPPS,

        Plaintiff,

v.                              Case No. 8:24-cv-2806-VMC-AEP

CITY OF TAMPA, ET AL.,

        Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Detective Gene Strickland's Motion to Dismiss (Doc. # 40), filed on February 27, 2025. Plaintiff Tony Hopps responded on March 20, 2025. (Doc. # 43). For the reasons that follow, the Motion is granted.

### **I.   Background**

Plaintiff Tony Hopps was convicted of the burglary and robbery of Ruby and Dunbar Dyches. (Doc. # 25 at 1). Over three decades later, his conviction was vacated and the charges were dismissed. (Id. at 2). The robbery occurred on January 25, 1990, when the Dycheses returned to their hotel room in Tampa, Florida. (Id. at 5). At around 3:15 p.m., two men robbed the Dycheses at gunpoint. (Id.).

1

At the time of the robbery, Mr. Hopps was outside his home across town with his neighbor. (Id. at 6). At about 3:49 p.m. that day, Mr. Hopps was detained by Officer Mark Scott regarding an unrelated investigation. (Id.). At that time, Defendant Detective Gene Strickland also spoke to Mr. Hopps. (Id.).

Despite being across town at the time of the robbery, Mr. Hopps alleges that he had a "history" with Defendant Detective George McNamara, such that Detective McNamara "decided to pin the Dyches robbery" on Mr. Hopps. (Id.). On June 26, 1990, Mr. Hopps was found guilty of the Dyches robbery and burglary, and was sentenced to concurrent life sentences. (Id.).

Decades later, the Conviction Review Unit ("CRU") of the Thirteenth Judicial Circuit State's Attorney's Office reviewed and reinvestigated the case. (Id. at 12). The CRU found that Mr. Hopps could not have committed the robbery as he was at his home and subsequently detained by Detective Strickland at around the same time as the robbery. (Id. at 12). After the CRU's report, Mr. Hopps's conviction was overturned and the charges against him were dismissed. (Id.).

Mr. Hopps initiated this lawsuit on December 5, 2024. (Doc. # 1). The amended complaint, which is the operative

complaint, lists the following defendants: the City of Tampa, Detective Strickland, Detective J.D. O'Nolan, Detective McNamara, and as-of-yet unknown employees of the City of Tampa. (Doc. # 25 at 1). Detective Strickland brings this Motion alone. (Doc. # 40). Four counts are alleged against Detective Strickland, each under 42 U.S.C. § 1983: a due process violation (Count One); illegal detention and prosecution (Count Two); failure to intervene (Count Three); and conspiracy to deprive constitutional rights (Count Four). (Doc. # 25).

Detective Strickland filed his Motion to dismiss the claims against him on February 27, 2025. (Doc. # 40). Mr. Hopps responded on March 21, 2025 (Doc. # 43), and the Motion is ripe for review.

## II. Analysis

Detective Strickland argues that the amended complaint is a shotgun complaint. (Doc. # 40 at 20-24). The Court agrees the amended complaint is a shotgun complaint and must be dismissed. However, the Court will grant Mr. Hopps leave to amend.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's

3

Off., 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1322-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. The amended complaint falls into the third and fourth categories of shotgun complaint.

The first four Counts impermissibly fail to "specify[] which of the defendants are responsible for which acts or omissions." Id. These Counts list the three individual Defendants in the initial paragraph and then generally allege that all Defendants committed each of the actions. (Doc. #

4

25). For example, Count One alleges that "Defendants conducted unduly suggestive identification procedures, which resulted in fabricated and solicited false evidence." (Id. at 13). This pleading is improper because Mr. Hopps has lumped together the three Defendants but makes unclear what role each Defendant played. (Id.).

This lumping together deprives Defendants of notice of which Defendant is alleged to have done which acts. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a complaint was a shotgun complaint because it "name[d] fourteen defendants, and all defendants are charged in each count" and was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"); Kidwell v. Wagoner, No. 2:09-cv-108-CEH-DNF, 2010 WL 11507301, at *3 (M.D. Fla. Sept. 10, 2010) (finding a shotgun complaint when "[t]he amended complaint contains allegations that 'the defendants' . . . engaged in certain conduct, making no distinction among the defendants"), on reconsideration in part, No. 2:09-cv-108-CEH-DNF, 2010 WL 11507302 (M.D. Fla. Dec. 28, 2010); Manseau v. City of Miramar, No. 0:08-cv-

5

60979-PAS, 2008 WL 11409500, at *2 (S.D. Fla. Nov. 21, 2008) (finding a shotgun complaint when "Plaintiffs' complaint contains what appears to be 18 counts, including five counts based on federal constitutional rights not easily discerned from the allegations. The complaint also fails to identify which Defendants allegedly committed each offense").

Mr. Hopps also commits a pleading error in Count Two. In Count Two, Mr. Hopps conflates the ability to allege multiple constitutional claims within the same complaint with the ability to allege multiple constitutional claims within the same count. Count Two asserts a claim under both the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 based upon his illegal detention and prosecution. (Doc. # 25 at 15-16).

The Supreme Court has recognized that "[c]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands." Soldal v. Cook Cnty., Ill., 506 U.S. 56, 70 (1992); see also United States v. James Daniel Good Real Prop., 510 U.S. 43, 50 (1993) (holding that a single constitutional violation may "implicate[] two explicit textual sources of constitutional protection" (internal quotations omitted)). Thus, a plaintiff may separately plead different counts based on different

6

Amendments for similar causes of action. See Robinson v. Ash, 374 F. Supp. 3d 1171, 1186 (M.D. Ala. 2019) ("Plaintiff's Fifth Amendment claim is not subsumed into Plaintiff's Fourth Amendment claim, or vice-versa. These two claims may coexist in the same action.") , aff'd, 805 F. App'x 634 (11th Cir. 2020); Woynar v. Chitwood, No. 6:10-cv-1458-JA-GJK, 2011 WL 5025276, at *2 (M.D. Fla. Oct. 21, 2011) (holding that a single wrong may lead to separate claims under the Fourth and Fourteenth Amendments respectively).

But Mr. Hopps has done something entirely different. Rather than seeking to separately plead claims based on the Fourth and Fourteenth Amendments, he seeks to plead these claims together within Count Two. While "Rule 8 allows a single claim to be stated in the alternative, it does not allow multiple distinct claims to be amassed into a single undifferentiated count. In fact, [the Eleventh Circuit has] resoundingly denounced such pleadings." Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc., 505 F. App'x 899, 907 (11th Cir. 2013). Thus, the Court is not persuaded that Mr. Hopps may plead two distinct constitutional claims within a single count. See Griffin v. Ellingson, No. 2:13-cv-189-WCO-JCF, 2013 WL 12177999, at *2 (N.D. Ga. Dec. 31, 2013) ("As Defendants

7

correctly note, this allegation is improper because it combines three different legal theories (disparate treatment, harassment, and retaliation) under two different sources of legal authority (Fourteenth Amendment and Title VII) in a single sentence, under a single cause of action, and under a single heading." (internal quotations omitted)); Welch v. Pep-fsu, LLC, No. 4:20-cv-71-AW-MAF, 2020 WL 13837065, at *1 (N.D. Fla. May 6, 2020) (dismissing claim because "if [Plaintiff] were alleging that he is entitled to relief under Title VII or, in the alternative, under § 1981, his claims would be sufficiently pleaded. But he appears to bring his Title VII claims in addition to (not as an alternative to) his § 1981 claims").

The Court acknowledges Mr. Hopps's citation to a Northern District of Illinois case, which held that a Fourth Amendment claim and Fourteenth Amendment claim may be brought within the same count. See Cusick v. Gualandri, 573 F. Supp. 3d 1256, 1266 (N.D. Ill. 2021). However, that opinion relied heavily upon Seventh Circuit precedent and several other Northern District of Illinois cases. Id. at 1266-67. Thus, the Court does not find this holding persuasive in our case, which is being litigated within the Eleventh Circuit.

For all these reasons, the Court finds that the amended complaint is a shotgun complaint. When confronted with a shotgun complaint, the Court must dismiss the complaint in its entirety against all Defendants. See <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 984 (11th Cir. 2008) ("In light of defense counsel's failure to request a repleader, the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement." (internal quotations omitted)). Thus, even though Detective Strickland brings this Motion alone, the Court dismisses the complaint as it is pled against all Defendants.

Accordingly, the amended complaint is dismissed without prejudice as a shotgun complaint. The Court will not address Detective Strickland's merits arguments at this time. See <u>Milfort v. Rambosk</u>, No. 2:21-cv-366-SPC-MRM, 2022 WL 138097, at *3 (M.D. Fla. Jan. 14, 2022) ("Yet the Court cannot decide [the qualified immunity issue] given the Third Amended Complaint's shotgun nature. Without pure speculation about who did what, the Court cannot determine the conduct each officer allegedly engaged in to violate Plaintiffs' rights."); <u>Sibley v. Lakeland</u>, No. 8:24-cv-2853-VMC-AEP, 2025

WL 1043429, at *4 (M.D. Fla. Apr. 8, 2025) (declining to address qualified immunity issue because the complaint was dismissed without prejudice as a shotgun complaint); Johnson v. Dunn, No. 2:21-cv-1701-AMM, 2022 WL 21842391, at *4 (N.D. Ala. Nov. 4, 2022) ("[Plaintiff]'s claims, and Defendants' motions to dismiss, raise serious constitutional issues. The court is unwilling to decide those issues on the basis of a shotgun complaint."). The Court grants Mr. Hopps leave to file a second amended complaint that corrects these issues.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1) Defendant Detective Gene Strickland's Motion to Dismiss (Doc. # 40) is **GRANTED**.
2) The complaint is **DISMISSED** with leave to amend.
3) Mr. Hopps must file his amended complaint within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of April, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10