**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TONY HOPPS,

Plaintiff,

vs. Case No. 8:24-cv-2806-VMC-AEP

CITY OF TAMPA, DETECTIVE GENE STRICKLAND, DETECTIVE J.D. O'NOLAN, DETECTIVE GEORGE McNAMARA, AND AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY OF TAMPA,

Defendants.
_______________________________________/

**DEFENDANT CITY OF TAMPA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant CITY OF TAMPA ("City"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Second Amended Complaint & Demand for Jury Trial (Doc. 48) filed by Plaintiff, TONY HOPPS, and answers as follows:

1. Admitted that Plaintiff was convicted of the burglary and robbery of Ruby and Dunbar Dyches; otherwise without sufficient knowledge and therefore denied.

2. Admitted.

3. Denied that Plaintiff has always maintained his innocence; otherwise without sufficient knowledge and therefore denied.

4. Denied.

5. Without sufficient knowledge and therefore denied.

6. Without sufficient knowledge and therefore denied.

7. Denied.

8. Without sufficient knowledge and therefore denied.

9. Without sufficient knowledge and therefore denied.

**Jurisdiction & Venue**

10. Admitted for purposes of jurisdiction only; otherwise, denied.

11. Admitted.

12. Admitted that venue is proper.

**The Parties**

13. Admitted that Plaintiff spent 31 years incarcerated; otherwise, without sufficient knowledge and therefore denied.

14. Admitted.

15. Admitted that the City is a municipal corporation that was the employer of the individually-named Defendants; otherwise denied.

16. Without sufficient knowledge and therefore denied.

**The Robbery**

17. Admitted.

18. Admitted that the Dycheses stated that they were robbed by two Black men at gunpoint; otherwise without sufficient knowledge and therefore denied.

19. Without sufficient knowledge and therefore denied.

20. Without sufficient knowledge and therefore denied.

21. Without sufficient knowledge and therefore denied.

**Plaintiff's Innocence**

22. Without sufficient knowledge and therefore denied.

23. Without sufficient knowledge and therefore denied.

24. Without sufficient knowledge and therefore denied.

25. Without sufficient knowledge and therefore denied.

**The Police Investigation**

26. Without sufficient knowledge and therefore denied.

27. Without sufficient knowledge and therefore denied.

28. Without sufficient knowledge and therefore denied.

29. Without sufficient knowledge and therefore denied.

30. Without sufficient knowledge and therefore denied.

31. Without sufficient knowledge and therefore denied.

32. Without sufficient knowledge and therefore denied.

33. Without sufficient knowledge and therefore denied.

**The Fabricated Identification of Plaintiff**

34. Without sufficient knowledge and therefore denied.

35. Without sufficient knowledge and therefore denied.

36. Without sufficient knowledge and therefore denied.

37. Without sufficient knowledge and therefore denied.

38. Without sufficient knowledge and therefore denied.

39. Without sufficient knowledge and therefore denied.

40. Without sufficient knowledge and therefore denied.

41. Upon information and belief, admitted.

42. Without sufficient knowledge and therefore denied.

43. Without sufficient knowledge and therefore denied.

44. Without sufficient knowledge and therefore denied.

45. Without sufficient knowledge and therefore denied.

46. Without sufficient knowledge and therefore denied.

47. Without sufficient knowledge and therefore denied.

48. Without sufficient knowledge and therefore denied.

49. Without sufficient knowledge and therefore denied.

50. Without sufficient knowledge and therefore denied.

51. Admitted that both Dycheses selected Plaintiff; otherwise without sufficient knowledge and therefore denied.

52. Without sufficient knowledge and therefore denied.

53. Without sufficient knowledge and therefore denied.

54. Without sufficient knowledge and therefore denied.

55. Without sufficient knowledge and therefore denied.

56. Without sufficient knowledge and therefore denied.

57. Without sufficient knowledge and therefore denied.

58. Without sufficient knowledge and therefore denied.

59. Without sufficient knowledge and therefore denied.

**Plaintiff's Wrongful Conviction**

60. Without sufficient knowledge and therefore denied.

61. Without sufficient knowledge and therefore denied.

62. Without sufficient knowledge and therefore denied.

63. Admitted.

**Plaintiff's Exoneration and Damages**

64. Without sufficient knowledge and therefore denied.

65. Admitted that the CRU reviewed Plaintiff's case; otherwise denied.

66. Admitted.

67. Admitted that Plaintiff's conviction was overturned and that the charges against him were dismissed.

68. Without sufficient knowledge and therefore denied.

**Count 1**
**42 U.S.C. § 1983 – Due Process**
**(Fourteenth Amendment)**

The allegations in Count 1 (paragraphs 69 through 76) are not directed to the City. To the extent that a response from the City is deemed to be required, denied.

**Count 2**
**42 U.S.C. § 1983 – Illegal Detention and Prosecution**
**(Fourth Amendment)**

The allegations in Count 2 (paragraphs 77 through 81) are not directed to the City. To the extent that a response from the City is deemed to be required, denied.

**Count 3**
**42 U.S.C. § 1983 – Illegal Detention and Prosecution'**
**(Fourteenth Amendment)**

The allegations in Count 3 (paragraphs 82 through 86) are not directed to the City. To the extent that a response from the City is deemed to be required, denied.

**Count 4**
**42 U.S.C. § 1983 – Failure to Intervene**

The allegations in Count 4 (paragraphs 87 through 90) are not directed to the City. To the extent that a response from the City is deemed to be required, denied.

**Count 5**
**42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights**

The allegations in Count 4 (paragraphs 91 through 97) are not directed to the City. To the extent that a response from the City is deemed to be required, denied.

**Count 6**
**42 U.S.C. § 1983 – Policy & Custom Claims Against the City of Tampa**

98. Denied.

99. Admitted that the City employed Defendants Strickland, O'Nolan, and McNamara; otherwise denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Without sufficient knowledge and therefore denied.

106. Without sufficient knowledge and therefore denied.

107. Without sufficient knowledge and therefore denied.

108. Admitted that the quoted sentences appear in the *Simmons* case.

109. Denied.

110. Denied.

111. Denied.

112. Denied that Robert Smith was Chief of Police at any time during the events described in the Complaint.

113. Admitted that the quoted sentence appears in the case cited.

114. Denied.

115. Denied.

116. Denied.

117. Without sufficient knowledge and therefore denied.

118. Without sufficient knowledge and therefore denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The City affirmatively alleges that it is entitled to enjoy the immunities, privileges, limitations and defenses set forth in Sect. 768.28, Fla. Stat.

### SECOND AFFIRMATIVE DEFENSE

The City affirmatively states that the allegations contained in Plaintiff's First Amended Complaint are legally insufficient to support a 42 U.S.C. §1983 cause of action against the City, pursuant to applicable standards held in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**THIRD AFFIRMATIVE DEFENSE**

The City affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or laches because they accrued more than four years before the filing of the Complaint.

**RESERVATION OF RIGHTS**

The City hereby reserves its right to amend its Answer to add additional affirmative defenses as additional information becomes known.

**DEMAND FOR JURY TRIAL**

The City hereby demands trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that **on this 23rd day of May 2025**, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties of record.

Respectfully submitted,
*/s/ David E. Harvey*

David Harvey, Esq.
Asst. City Attorney
Florida Bar No.: 610046
City Attorney's Office
315 E. Kennedy Blvd., 5th Floor
Tampa, FL 33602
Telephone: (813) 274-8791
David.Harvey@tampagov.net
Laytecia.McKinney@tampagov.net
Counsel for Defendant City of Tampa